James H. WYATT, Appellant,

v.

FEDERAL MATERIALS CO. et al., Appellees.

Court of Appeals of Kentucky.

June 5, 1970.

**480**

H. E. Miller, Jr., Charles A. Williams & Associates, Paducah, for appellant.

George R. Effinger, Andrew J. Russell, Paducah, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

DAVIS, Commissioner.

The Workmen's Compensation Board denied appellant's claim for compensation. The circuit court affirmed the Board's ruling. Appellant seeks reversal, contending that (1) the Board ignored uncontradicted proof which occasioned an erroneous finding of fact, and (2) the Board made a finding of fact based on a premise which is not in accord with Kentucky law.

On October 22, 1966, appellant, age 51, suffered a "cerebral vascular accident"—generally referred to by laymen as a "stroke," or paralysis. On that day appellant was performing his customary duties as driver of a ready-mix concrete diesel truck. Because of conditions beyond appellant's control, he was delayed in unloading the concrete from his rig—the delay lasted somewhat less than an hour.

Appellant's truck was loaded with seven cubic yards of concrete, each cubic yard weighing about 2½ tons. The truck was equipped with power steering and had ten wheels, eight in back and two in front. Appellant had to maneuver the truck in soft ground and was frustrated at the delay. He added some water to the concrete to prevent its "setting up" before being unloaded. However, before the unloading process was begun he began to feel "funny" and actually sustained the "stroke."

The rationale of Hudson v. Owens, Ky., 439 S.W.2d 565, is applicable and dispositive in this appeal. Although Hudson dealt with a claim based on death from a "heart attack," the elusive question of causation in cardiovascular cases is presented here as it was in Hudson.

Although appellant's brief asserts that the Board disregarded "uncontradicted proof," the record fails to support that contention. There was medical testimony which would have supported a Board finding that appellant's "stroke" was caused by his work activities. But, there was medical evidence to the contrary. It cannot be successfully argued that the proof for appellant was so conclusive as to require the Board to accept it. Here, as in Hudson v. Owens, Ky., 439 S.W.2d 565, the appellant had the burden of proof and risk of not persuading the Board in his favor. Since the Board found from the totality of the medical and other evidence before it that the "stroke" was not induced by appellant's work activities, that finding is conclusive unless it can be determined that the Board's finding was clearly unreasonable in face of evidence adduced for the appellant. That circumstance does not obtain.

The Board's opinion made reference to its conclusion that appellant's activities "were well within his routine exertions and he did not suffer a traumatic personal injury." Appellant contends that this demonstrates that the Board applied the "unusual exertion" rule, contrary to Kentucky law. In Hudson v. Owens, Ky., 439 S.W.2d 565, at page 569 it was written:

"We reject the so-called 'usual' and 'unusual' strain test, nor are we concerned with exercises in semantics over the word 'accidental.' Accidental result is enough to constitute an accidental injury.

"In short, a fortuitous unexpected injury to the workman, traceable to the performance of his work, is sufficient to provide the accidental quality demanded by our compensation statute."

So, the determinative question is not whether appellant's work involved "usual" or "unusual" strain, but whether the "stroke" was legally "caused" by the work activities, or whether the work activities were merely the stage upon which the "stroke" occurred so that the disability was only "coincidental with, rather than legally caused by, the work-connected event." Hudson v. Owens, Ky., 439 S.W.2d 565, 570.

Appellant failed to present evidence sufficient to require the Board to find in his favor.

The judgment is affirmed.

All concur.